Mohammed Safique v. State





COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NOS. 2-05-261-CR
         2-05-262-CR
 
 
MOHAMMED 
SHAFIQUE                                                        APPELLANT
  
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Mohammed Shafique attempts to appeal from two convictions for felony driving 
while intoxicated.  On May 10, 2005, Shafique pleaded not guilty to DWI, 
and the jury found him guilty and assessed his punishment at ten years’ 
confinement.  On May 12, 2005, in a separate DWI case, Shafique pleaded 
guilty.  Pursuant to a plea bargain agreement, the trial court sentenced 
him to eight years' confinement, and Shafique waived his right to appeal the May 
10, 2005 conviction.  The trial court entered its certifications of 
defendant's right to appeal both convictions in accordance with rule 25.2(a)(2).  
Tex. R. App. P. 25.2(a)(2).  
The certification for the May 10, 2005 conviction states that “the defendant 
has waived the right of appeal,” and the certification from the May 12, 2005 
conviction states that this “is a plea-bargain case, and the defendant has NO 
right of appeal.”
        On 
July 6, 2005, Shafique filed a pro se notice of appeal in both of the 
above cases.  On July 8, 2005, we notified Shafique’s attorney that the 
certifications, indicating that Shafique had no right to appeal one case and 
that he had waived his right to appeal the other case, had been filed in this 
court and that these appeals would be dismissed unless Shafique or any party 
desiring to continue the appeals filed a response showing grounds for continuing 
the appeals.  See Tex. R. 
App. P. 25.2(d), 44.3.  We have received no response.
        Rule 
25.2(a)(2) limits the right to appeal in a plea bargain case to those matters 
that were raised by written motion filed and ruled on before trial or after 
getting the trial court's permission to appeal.  Tex. R. App. P. 25.2(a)(2)(A)-(B).  
According to the trial court's certifications, neither of these circumstances 
apply because the certifications state that there is no right of appeal in one 
of the cases and that Shafique waived his right to appeal the other case.
        Because 
Shafique has no right to appeal case number 2-05-261-CR and has waived his right 
to appeal case number 2-05-262-CR, we dismiss these appeals.  See Tex. R. App. P. 43.2(f), 44.3.

                                                          PER 
CURIAM

PANEL D:   WALKER, 
J.; CAYCE, C.J.; and MCCOY, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 11, 2005


 
NOTES
1. See 
Tex. R. App. P. 47.4.